**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RENALDO SHEPARD, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:06-CR-0482-SCJ-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:12-CV-2523-SCJ-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter is currently before the Court on movant Renaldo Shepard's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 162], and the government's response, [Doc. 171]. Although the Court granted Shepard an extension of time to file a reply, [see Doc. 174], he has not done so.[1] Shepard also submitted a letter requesting that he be allowed to brief issues related to the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013), which held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury," and Descamps v. United States, 133 S. Ct. 2276, 2281-82 (2013), which held that sentencing courts may not consult additional documents,

---

[1] Shepard submitted a letter to the Court dated February 28, 2013, stating that he intended to mail his reply on "this upcoming Friday." [Doc. 175]. To date, the Court has not received Shepard's reply.

such as indictments and jury instructions, to determine whether a prior conviction qualifies as a predicate offense for enhancement purposes "when the crime of which the defendant was convicted has a single, indivisible set of elements." [Doc. 176]. Because Shepard has had ample to submit a brief but has not done so, and because it is not clear that these cases relate to the timely grounds raised in his § 2255 motion, Shepard's motion to preserve and brief issues, [Doc. 176], is **DENIED**. For the following reasons, the undersigned **RECOMMENDS** that Shepard's § 2255 motion be denied.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a three-count indictment charging Shepard in Count One with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e); in Count Two with possession with intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1)-(b)(1)(B)(iii) and 851; and in Count Three with possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c). [Doc. 1]. Shepard, represented by Judy Fleming of the Federal Defender Program, Inc., initially pleaded not guilty and filed motions to suppress evidence and statements.

[Docs. 7,15-16, 29]. After the Court denied Shepard's motions, [Docs. 41, 56], he entered a negotiated guilty plea to Count One, [Doc. 60].

Before sentencing, Shepard filed <u>pro se</u> motions for new counsel and to withdraw his guilty plea. [Doc. 63]. The Court granted Shepard's motion for new counsel, but denied his motion to withdraw his guilty plea. [<u>Id.</u>]. The Court appointed Robert H. Citronberg to represent Shepard. [Doc. 65]. On Shepard's motion, [Doc. 69], the Court allowed him to revisit the suppression issue, [Docs. 71, 76]. The government then moved to withdraw from the plea agreement. [Doc. 75]. The Court denied both Shepard's motion to suppress and the government's motion to withdraw from the plea agreement. [Doc. 77].

Shepard filed another <u>pro se</u> motion to withdraw his guilty plea, which the Court granted. [Doc. 82]. The Court then allowed Mr. Citronberg to withdraw and appointed Jimmy Hardy of the Federal Defender Program, Inc. to represent Shepard. [Docs. 85, 88]. Shepard proceeded to trial represented by both Mr. Hardy and Ms. Fleming. [Docs. 92, 103-06]. The jury found Shepard guilty on all counts, [Doc. 111], and the Court imposed a total sentence of 260 months of imprisonment, [Doc. 126].

3

Shepard filed a timely notice of appeal, [Docs. 128, 133], and the Court appointed E. Vaughn Dunnigan to represent him on appeal, [Doc. 136]. The Eleventh Circuit recounted the evidence presented to the jury as follows:

> On December 9, 2005, officers observed . . . Shepard and a male companion exit a known drug-distribution location and walk toward them. Shepard contends they walked on the sidewalk; the officers testified they walked down the middle of the street, in violation of an Atlanta ordinance. The officers exited their vehicle, approached the men, and asked them to stop. Shepard fled. While the officers gave chase, they observed Shepard reach into his pocket and discard an item. Upon apprehending Shepard, the officers found a firearm and ammunition on his person, and they retrieved the discarded item–later identified as a bag of marijuana and crack cocaine. Shepard made incriminating statements during and after his arrest.

United States v. Shepard, 423 F. App'x 941, 942 (11th Cir. 2011) (per curiam). On appeal, Shepard argued that "the officers' initial approach violated his Fourth Amendment rights, and therefore, the district court should have suppressed the evidence and statements that flowed from that 'stop' as 'fruit of the poisonous tree.'"[2] Id. The Eleventh Circuit affirmed Shepard's convictions on April 19, 2011, id. at 943, and denied his motion for rehearing on June 13, 2011, United States v. Shepard, 435 F. App'x 914 (11th Cir. 2011).

---

[2] Shepard also raised a challenge to his sentence, which he later withdrew. Shepard, 423 F. App'x at 942 n.1.

Shepard timely filed this § 2255 motion on June 27, 2012.[3] [Doc. 162 at 13]. Shepard raises the following grounds for relief: (1) the evidence supporting his conviction was obtained in violation of the Fourth Amendment and should have been suppressed but for counsel's ineffective assistance in failing to bring unspecified "relevant" facts to the Court's attention; (2) his conviction was obtained in violation of his right to counsel when federal agents questioned him outside the presence of the attorney who had represented him throughout his state court proceedings; (3) his conviction was obtained in violation of his right to remain silent when the federal agents failed to read him his Miranda[4] rights and "counsel was likewise ineffective in allowing this to take place"; (4) counsel was ineffective for "allowing [him] to be convicted based on drugs that could not be produced because they were allegedly destroyed previously by the government"; (5) "counsel was ineffective and the government committed misconduct in presenting evidence to the jury that [he] was

---

[3] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. Washington, 243 F.3d at 1301.

[4] Miranda v. Arizona, 384 U.S. 436 (1966).

5

guilty by remaining silent"; (6) he was "denied his right to counsel when the Court refused to provide him with competent counsel after having dismissed his first counsel for valid reasons"; (7) he "was convicted based on an unbalanced jury instruction and counsel allowed such to take place"; (8) appellate counsel was ineffective for "failing to present relevant material facts to the Court surrounding the stop and in failing to request oral argument"; (9) trial counsel was ineffective for "failing to call Jerome Moss as a material defense witness who could have proved [Shepard's] innocence"; (10) counsel was ineffective during sentencing for "allowing the government to testify as an expert regarding the validity of the match of the signature of the prior alleged conviction thus causing an increase in [his] statutory maximum sentence"; and (11) trial counsel was ineffective for "failing to object to the presentence report's improper use of [his] prior state conviction under the Armed Career Offender provisions where the convictions were non-qualifying offenses." [Doc. 162-1 at 3-7]. The government responds that grounds one and two were raised and rejected on direct appeal and are not cognizable on collateral review, that ground seven is procedurally defaulted, and that the remaining grounds lack merit. [Doc. 171 at 12-23].

6

## II.  DISCUSSION

### A.  General Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted).  An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

### B. Ground One was Raised and Rejected on Direct Appeal

"The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted). This includes claims that movant has "merely re-characterized" because "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory." Id. (citation omitted). Because Shepard's claim in ground one-that the evidence supporting his conviction was obtained in violation of the Fourth Amendment-was raised and rejected on direct appeal, it is barred from collateral review. See id.

### C. Grounds Two, Three, and Seven are Procedurally Defaulted

Shepard could have, but did not, raise grounds two (that federal agents questioned him outside the presence of the attorney who had represented him throughout his state court proceedings), three (that the federal agents failed to read him his Miranda rights), and seven (that the Court gave an "unbalanced" jury instruction) on direct appeal. A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent (1) a showing of cause for the default and actual prejudice or (2) a showing of actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011), cert. denied, 133 S. Ct.

8

112 (2012). "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . ." or that the matter was not raised because of ineffective assistance of counsel. Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). A movant may also establish cause for the procedural default if he can show "that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997) (internal quotation marks and citation omitted); see also Nyhuis, 211 F.3d at 1344 (holding that only a meritorious ineffective assistance of counsel claim may constitute cause). If a movant shows cause, he must also show prejudice, i.e., that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (citation omitted). To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." McKay, 657 F.3d at 1196.

Shepard does not allege that an objective factor external to the defense caused the default. Additionally, Shepard fails to show cause based on counsel's alleged

9

ineffectiveness because, as discussed in the next section (II. D.), Shepard's ineffective-assistance claims are not meritorious. See Nyhuis, 211 F.3d at 1344. Finally, Shepard presents no new evidence to meet the actual innocence exception. Thus, grounds two, three, and seven are procedurally barred.

**D.     Assistance of Counsel**

In his remaining grounds for relief, Shepard contends that he received ineffective assistance of both trial and appellate counsel. The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001) (applying Strickland to allegations of ineffective assistance of appellate counsel). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir.

10

1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . .") (citation omitted); see also Smith v. Murray, 477 U.S. 527, 536 (1986) ("[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy.") (internal quotation marks and citation omitted). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden.").

Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; see also Eagle, 279 F.3d at 943 ("To

11

determine whether the [unreasonable] failure to raise a claim on appeal resulted in prejudice, we review the merits of the omitted claim.").

Shepard's ineffective-assistance claims are conclusory. As to ground one, Shepard merely states that counsel failed to present facts relevant to his motions to suppress, but does not specify what "facts" counsel purportedly should have brought to the Court's attention. [Doc. 162-1 at 5]. However, the facts underlying his motions to suppress were presented at an evidentiary hearing, [Doc. 25], and the district court even reopened the evidence to allow Shepard to present additional evidence. [Doc. 76].

Grounds two and three concern Shepard's interrogation by federal authorities, and Shepard states only that counsel was "ineffective in allowing this to take place." [Doc. 162-1 at 7]. However, Shepard was not represented by counsel in his federal criminal proceedings at the time he was questioned by federal authorities nor has he specified what counsel could have done regarding the interrogation. Shepard merely lists grounds four through eleven and does not brief them or provide any factual support. [Id. at 3-4]. For example, Shepard does not cite to the record or other evidence to support grounds four and five, name the attorney in ground six or explain why said attorney was allegedly incompetent, identify the jury instruction referenced in ground seven, specify the facts mentioned in ground eight that appellate counsel

12

failed to present, state what Jerome Moss' testimony would have been, identify the prior convictions noted in grounds ten and eleven, or present argument as to why he contends those convictions were "non-qualifying." [Id.].

Movant's bald assertions that his attorneys were ineffective are insufficient, and he has not articulated how he was prejudiced by their actions and/or omissions. Accordingly, Shepard has not shown deficient performance by counsel or prejudice. See Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient." (citation omitted)).

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for

that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Shepard's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, Shepard's motion to preserve and brief issues, [Doc. 176], is **DENIED**, and **IT IS HEREBY RECOMMENDED** that his 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 162], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 23rd day of October, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)